**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Crim. No. 06-20056-09-KHV** |
| v. ) | |
| ) | **Civil No. 08-2466-KHV** |
| **TRISTAN LUSTER,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #557) filed September 25, 2008. For reasons stated below, the Court overrules defendant's motion.

**Factual Background**

On November 1, 2007, pursuant to a plea agreement under Rule 11(c)(1)(C), Fed. R. Crim. P., defendant pled guilty to distribution of cocaine in violation of 21 U.S.C. § 841(a). See Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #352). The agreement proposed a sentence of 15 years and waived defendant's right to appeal or collaterally attack any matter in connection with his "prosecution, conviction and sentence." Plea Agreement Pursuant To Fed. R. Crim. P. 11(c)(1)(C) ¶ 11, attached to Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #352). On December 5, 2007, defense counsel filed a motion to withdraw. See Withdrawal Motion (Doc. #362). In particular, counsel noted that defendant wanted to withdraw his plea and that the basis for his request created a conflict of interest which precluded further ethical representation of defendant. See id. On January 7, 2008, defendant filed a *pro se* motion to withdraw his plea. In the motion, defendant argued that before he plead guilty, his counsel told him that his sentencing range

would be 40 to 70 months and that he would retain all appeal rights. See Doc. #373. Defendant maintained that he found out that counsel's representations were false at the plea hearing and on review of the plea agreement which provided for a 15 year sentence and waiver of all appeal rights. See id. On January 22, 2008, after a hearing, the Court sustained counsel's motion to withdraw, appointed new counsel and overruled without prejudice defendant's *pro se* motion to withdraw his plea.

On April 9, 2008, through his new counsel, defendant filed a motion to withdraw his guilty plea. See Motion To Withdraw Plea (Doc. #442). Defendant asserted that he did not fully understand the consequences of his plea, the nature of how his guideline sentence would be calculated or the pretrial process in general. See id. On April 28, 2008, after a hearing, the Court overruled defendant's motion. See Minute Entry (Doc. #455). In particular, the Court found that (1) during plea negotiations, defendant received close assistance of counsel, (2) well in advance of his actual plea, defendant understood and discussed with counsel all material terms of the agreement, (3) at the plea hearing, defendant stated multiple times that his plea was voluntary and knowing, that he had had ample time to discuss everything with his attorney and ask any questions about the charges against him, the consequences of a plea and what his rights would be if the case went to trial; and (4) defendant's claim that his plea was not knowing or voluntary was not credible. On May 19, 2008, the Court sentenced defendant to 180 months in prison.

Defendant did not appeal, but on September 25, 2008, he filed a motion to vacate his sentence under 28 U.S.C. § 2255. Liberally construed, defendant's motion alleges that (1) defense counsel at the plea hearing was ineffective because he did not advise defendant that he would receive a two-level enhancement for possession of a firearm and (2) defense counsel at sentencing was

ineffective because he did not object to the calculation of his criminal history or the firearm enhancement.

## **Analysis**

The standard of review of Section 2255 petitions is quite stringent. The Court presumes that the proceedings which led to defendant's conviction were correct. See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989). To prevail, defendant must show a defect in the proceedings which resulted in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974).

**I.     Procedural Bar – Waiver Of Collateral Challenges (Claim 2)**

A knowing and voluntary waiver of the statutory right to appeal or to collaterally attack a sentence is generally enforceable. United States v. Chavez-Salais, 337 F.3d 1170, 1172 (10th Cir. 2003); United States v. Cockerham, 237 F.3d 1179, 1181 (10th Cir. 2001), cert. denied, 534 U.S. 1085 (2002); United States v. Hernandez, 134 F.3d 1435, 1437 (10th Cir. 1998). The Court applies a three-pronged analysis to evaluate the enforceability of such a waiver: (1) whether the disputed issue falls within the scope of the waiver; (2) whether defendant knowingly and voluntarily waived his rights; and (3) whether enforcing the waiver would result in a miscarriage of justice. United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc); see United States v. McMillon, No. 02-20062-01-JWL, 2004 WL 2660641, at *3 (D. Kan. Nov. 19, 2004).

        A.     Scope of the Waiver

To determine whether the disputed issue falls within the scope of the waiver, the Court begins with the plain language of the plea agreement. United States v. Anderson, 374 F.3d 955, 957 (10th Cir. 2004); Hahn, 359 F.3d at 1328. The Court construes the plea agreement according to contract principles and based on what defendant reasonably understood when he entered the plea. United

-3-

States v. Arevalo-Jimenez, 372 F.3d 1204, 1206 (10th Cir. 2004). The Court strictly construes the waiver and resolves any ambiguities against the government and in favor of defendant. Hahn, 359 F.3d at 1343.

The plea agreement states in relevant part as follows:

**11. Waiver of Appeal and Collateral Attack.** If the Court agrees to the proposed plea agreement, the defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion under Fed. Rule of Civ. Pro 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), then the defendant is released from this waiver and may appeal the sentence as authorized by Title 18, U.S.C. § 3742(a).

Plea Agreement ¶ 11. The scope of this waiver unambiguously includes the right to collaterally attack by a Section 2255 motion any matter in connection with defendant's conviction or sentence. In Cockerham, the Tenth Circuit noted that "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver," but that "collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable." 237 F.3d at 1187. In this case, defendant's second claim related to ineffective assistance of counsel at sentencing does not challenge the validity of the plea or waiver. Accordingly, the second claim falls within the scope of the waiver in the plea agreement. See id.

### B.     Knowing And Voluntary Nature Of The Plea

To ascertain whether defendant knowingly and voluntarily waived his rights, the Court evaluates the language of the plea agreement and the plea petition, and the Rule 11 colloquy. Hahn, 359 F.3d at 1325. The Court conducted a thorough inquiry at the plea hearing. At that time defendant affirmed that he understood the charge against him, the maximum penalties, the proposed 15-year prison term under the plea agreement, the rights he was waiving and the factual basis for his plea. Defendant acknowledged that his plea was free and voluntary, that no one had forced or threatened him to enter it, and that the only reason he was making a plea was that he was in fact guilty as charged. In addition, in conjunction with ruling on defendant's motion to withdraw his plea, the Court found that defendant's plea was voluntary and knowing and that defendant's claim to the contrary was not credible. Nothing in the record suggests that defendant's plea or waiver of post-conviction rights was unknowing or involuntary. In sum, the language of the plea agreement and the Rule 11 colloquy established that defendant's waiver of his rights was knowing and voluntary.

### C.     Miscarriage Of Justice

The Court must "determine whether enforcing the waiver will result in a miscarriage of justice." Id. at 1327. This test is not met unless (1) the district court relied on an impermissible factor such as race; (2) defendant received ineffective assistance of counsel in conjunction with negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity or public reputation of judicial proceedings. Id. Defendant bears the burden of demonstrating that the waiver results in a miscarriage of justice. Anderson, 374 F.3d at 959.

The Court finds that enforcement of the waiver does not implicate any of the four factors listed above. In particular, defendant received a sentence of 15 years in prison, which is precisely the sentence that the Assistant United States Attorney and defense counsel predicted (and virtually guaranteed) at the Rule 11 hearing. See United States v. Green, 405 F.3d 1180, 1193-94 (10th Cir. 2005); United States v. Porter, 405 F.3d 1136, 1144 (10th Cir.) ("statutory maximum" under Hahn inquiry refers to statute of conviction), cert. denied, 546 U.S. 980 (2005). Furthermore, enforcement of the waiver as to collateral challenges does not seriously affect the fairness, integrity or public reputation of the proceedings. See United States v. Maldonado, 410 F.3d 1231, 1233-34 (10th Cir.) (waiver of appellate rights enforced where sentence did not exceed statutory maximum and was based on judge-made findings), cert. denied, 546 U.S. 989 (2005). The Court finds that enforcing the waiver will not result in a miscarriage of justice. In sum, defendant's second claim is barred by the waiver of collateral challenges in the plea agreement.

## II.    Substantive Merit Of Defendant's Ineffective Assistance Claims (Claims 1 and 2)

To establish ineffective assistance of counsel, defendant must show that (1) the performance of counsel was deficient and (2) a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). To meet the first element, i.e. counsel's deficient performance, defendant must establish that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. In other words, defendant must prove that counsel's performance was "below an objective standard of reasonableness." United States v. Walling, 982 F.2d 447, 449 (10th Cir. 1992). The Supreme Court recognizes, however, "a strong presumption that counsel's conduct falls within the wide range of reasonable professional

assistance." Strickland, 466 U.S. at 689; see United States v. Rantz, 862 F.2d 808, 810 (10th Cir. 1988), cert. denied, 489 U.S. 1089 (1989). As to the second element, the Court must focus on the question "whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).

        A.        <u>Failure To Advise Defendant Of Firearm Enhancement At Plea Hearing</u>

Defendant argues that counsel at the plea hearing was ineffective because he did not advise that defendant would receive a two-level enhancement for possession of a firearm.[1] Defendant's plea agreement under Rule 11(c)(1)(C) called for a 15 year prison term, however, and defendant has not explained how the guideline calculations were relevant to his decision to enter a plea. In any event, a "miscalculation or erroneous sentence estimation" by defense counsel is not constitutionally deficient performance. United States v. Gordon, 4 F.3d 1567, 1570-71 (10th Cir. 1993), cert. denied, 510 U.S. 1184 (1994); see United States v. Kutilek, No. 07-3275, 2008 WL 109343, at *5 (10th Cir. Jan. 11, 2008); United States v. Estrada, 849 F.2d 1304, 1307 (10th Cir. 1988); see also McMann v. Richardson, 397 U.S. 759, 770 (1970) (guilty plea may be intelligently made even if advice offered by defense counsel does not withstand retrospective examination); United States v. Silva, 430 F.3d 1096, 1099 (10th Cir. 2005) (standing alone, erroneous sentence estimate does not render plea involuntary), cert. denied, 547 U.S. 1164 (2006).

Even if defense counsel's alleged failure to advise defendant about the firearm enhancement was deficient, defendant has not shown a reasonable probability that but for his alleged misunderstanding of the guideline calculations, the results of the plea proceeding would have been

---

[1] Defendant argues that counsel "coerced" him to plead guilty, but as evidence of coercion, he only cites counsel's failure to tell him of the firearm enhancement.

different, i.e. that he would not have agreed to plead guilty. See United States v. Young, 206 Fed. Appx. 779, 785 (10th Cir. 2006); Rantz, 862 F.2d at 810-11. At the plea hearing, the Court fully explained that defendant had the right to withdraw his plea if the Court did not sentence him to 180 months (or less) in prison, that until the presentence report was complete, no one was in a position to tell him for certain what kind of sentence he was looking at under the guidelines, and that the guidelines are not binding on the Court. See Gordon, 4 F.3d at 1571 (no prejudice from attorney miscalculation where court explained that its calculation could differ from attorney calculation and that it would consider factual data relating to any dismissed counts); Doganiere v. United States, 914 F.2d 165, 168 (9th Cir. 1990) (attorney sentence miscalculation did not result in prejudice where court explained that it retained discretion as to what sentence would be), cert. denied, 499 U.S. 940 (1991). Defendant has not shown any prejudice from counsel's alleged failure to anticipate the firearm enhancement because he has not shown that the enhancement altered the Court's decision to accept the proposed 15-year prison term. In sum, defendant has not alleged or shown a defect in the proceedings which resulted in a "complete miscarriage of justice." Davis, 417 U.S. at 346.

        B.        Failure To Object To Criminal History And Firearm Enhancement At Sentencing

Defendant argues that counsel at sentencing was ineffective in failing to object to the calculation of his criminal history and the firearm enhancement. Even if the Court assumes that counsel was deficient in failing to object on these grounds, defendant has not shown a reasonable probability that had his counsel objected, the Court would have imposed a different sentence. See United States v. Hemsley, 287 Fed. Appx. 649, 650 (10th Cir. 2008); Rantz, 862 F.2d at 810-11. As explained above, defendant received a sentence of 15 years in prison, which is precisely the sentence to which defendant agreed and that the Assistant United States Attorney and defense

counsel predicted (and virtually guaranteed) at the Rule 11 hearing. The guideline calculation did not directly impact defendant's sentence in this case. The Court therefore overrules defendant's motion on this ground.

**III.     Conclusion**

The files and records in this case conclusively show that defendant is not entitled to relief. Accordingly, no evidentiary hearing or response by the government is required. See United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where factual matters raised by Section 2255 petition may be resolved on record).

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #557) filed September 25, 2008 be and hereby is **OVERRULED**.

Dated this 8th day of April, 2009 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge