IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TRISTAN LUSTER, )<br>)<br>Defendant. )<br>_____) | CRIMINAL ACTION<br><br>No. 06-20056-09-KHV |

**MEMORANDUM AND ORDER**

On May 19, 2008, the Court sentenced defendant to 180 months in prison based solely on a binding plea agreement under Rule 11(c)(1)(C). See Judgment In A Criminal Case (Doc. #494); Plea Agreement Pursuant To Fed. R. Crim. P. 11(c)(1)(C) (Doc. #352) filed November 1, 2007. On March 3, 2015, the Court overruled defendant's motion to reduce sentence under 18 U.S.C. § 3582(c)(2) because the plea agreement called for a specific sentence and did not use or employ a guideline sentencing range. See Order (Doc. #833) at 1 (citing United States v. Graham, 704 F.3d 1275, 1278 (10th Cir. 2013)). This matter is before the Court on defendant's Motion To Reconsider Dismissal Of 18 U.S.C.S. § 3582(c)(2) Motion To Modify 180 Month Sentence Pursuant To Local Rule 7.3(b)(3) (Doc. #834) filed March 17, 2015. On April 27, 2015, the Court ordered a copy of the sentencing transcript to help resolve defendant's claim. See Order (Doc. #836). Defendant has filed a supplemental memorandum in support of his motion to reconsider. See Supplement Memorandum In Support (Doc. #839).

Defendant argues that he is entitled to relief under Amendment 782 because the plea agreement did not constitute a "clear and unambiguous" Rule 11(c)(1)(C) agreement. See id. at 2-3. In particular, defendant notes that the plea petition included the following language:

> I know that the sentence I will receive is solely a matter within the control of the Judge. I do understand that there is no limitation on the information the Judge can consider at the time of sentencing concerning my background, character, and conduct, provided the information is reliable, 18 U.S.C. § 3661. I do understand that if I am subject to sentencing under the Sentencing Reform Act and the Sentencing Guidelines issued by the United States Sentencing Commission, a sentencing guideline range is established. The Judge will consider a sentence from within the guideline range and, if my case presents features which persuade the Judge to vary from the guideline range the Judge could impose a sentence either above or below the recommended guideline range.

<u>Petition To Enter Plea Of Guilty And Order Entering Plea</u> (Doc. #352) ¶ 16.  Defendant also notes that the plea petition refers to the guidelines manual in four different places, and at sentencing, counsel for both parties referred to the guidelines manual in explaining the basis of the plea agreement.  <u>See</u> <u>Supplement Memorandum In Support</u> (Doc. #839) at 5.  Reading the plea petition and plea agreement in their entirety and in context of the change of plea colloquy, the clear import of defendant's plea was obvious and unambiguous – he agreed to a sentence of 180 months in prison under Rule 11(c)(1)(C) and if the Court decided to impose a higher sentence, he would have an opportunity to withdraw his plea of guilty.[1]  <u>See</u> <u>Plea Agreement Pursuant To Fed. R. Crim. P. 11(c)(1)(C)</u> (Doc. #353) ¶ 4 ("parties are of the belief that the proposed sentence does not offend the now advisory sentencing guidelines, *but because this proposed sentence is sought pursuant to Fed. R. Civ. P. 11(c)(1)(C), the parties are not requesting imposition of an advisory guideline sentence*") (emphasis added); <u>id.</u>, ¶ 3 (parties propose sentence of 180 months).

Defendant also argues that the Court did not impose a sentence based on Rule 11(c)(1)(C) because the Court discussed the litany of factors under 18 U.S.C. § 3553(a).  <u>See</u> <u>Supplement</u>

---

[1] At the hearing on defendant's motion to withdraw plea, the Court likewise found that defendant understood the basic nature of the plea and that before the change of plea hearing, defendant had discussed with counsel all material terms of the sentence. At the hearing on defendant's motion to withdraw, after he reviewed the initial presentence report which included a sentencing range of 151 to 188 months, the Court noted that the timing of his motion suggested a clear case of buyer's remorse.

Memorandum In Support (Doc. #839) at 3-4.  In context, the Court discussed the Section 3553(a) factors to explain why it accepted the proposed Rule 11(c)(1)(C) sentence of 180 months.  See Transcript Of Sentencing (Doc. #837) at 5-6 (court proposed to accept plea and impose sentence of 180 months); id. at 7-8 (discussion of Section 3553(a) factors); id. at 10-11 (court noted that it accepted plea agreement and plea under Rule 11(c)(1)(C)).

Defendant notes that the Statement of Reasons does not indicate that the Court sentenced him based on the binding plea agreement under Rule 11(c)(1)(C).  See Supplement Memorandum In Support (Doc. #839) at 4; Motion To Reconsider (Doc. #834) at 2.  The Statement of Reasons states that the Court imposed a sentence outside the guideline range based on something "other than a plea agreement or motion by the parties."  Statement Of Reasons at 3.  The Statement of Reasons indicates that the Court imposed a non-guideline sentence (1) based on the nature and circumstances of the offense and history and characteristics of defendant, 18 U.S.C. § 3553(a)(1); (2) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, 18 U.S.C. § 3553(a)(2)(A); (3) to afford adequate deterrence to criminal conduct, 18 U.S.C. § 3553(a)(2)(B); (4) to protect the public from further crimes of defendant, 18 U.S.C. § 3553(a)(2)(C); (5) to provide defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, 18 U.S.C. § 3553(a)(2)(D); and (6) to avoid unwanted sentencing disparities among defendants, 18 U.S.C. § 3553(a)(6).  Id.  After a review of the record – particularly the transcript of sentencing – the Court finds that the Statement of Reasons is erroneous and does not accurately reflect the reasons for defendant's sentence.  The sentencing transcript reflects that the Court accepted the Rule 11(c)(1)(C) agreement and imposed a sentence of 180 months in prison based on the binding agreement.  Transcript Of Sentencing (Doc. #837) at 3

(defense counsel: "I would just ask the Court at this juncture to go ahead and impose the recommended 11(c)(1)(C) -- proposed 11(c)(1)(C) plea recommendations of 180 months"); id. at 5 (government counsel position is that Court should accept plea and impose sentence of 180 months); id. at 5-6 (court proposed to accept plea and impose sentence of 180 months); id. at 11 ("The Court does accept the Plea Agreement and the plea under Rule 11(c)(1)(C)."). Accordingly, the Court overrules defendant's motion to reconsider the denial of his motion to reduce sentence under Amendment 782. See Graham, 704 F.3d at 1278 (absent language in plea agreement using or employing specific guidelines range, sentence pursuant to Rule 11(c)(1)(C) plea agreement is "based on" plea agreement, not Sentencing Guidelines) (citing Freeman v. United States, 131 S. Ct. 2685 (2011)). By separate filing, the Court enters a corrected Statement of Reasons.[2]

**IT IS THEREFORE ORDERED** that defendant's Motion To Reconsider Dismissal Of 18 U.S.C.S. § 3582(c)(2) Motion To Modify 180 Month Sentence Pursuant To Local Rule 7.3(b)(3) (Doc. #834) filed March 17, 2015 be and hereby is **OVERRULED.**

---

[2] A district court must submit to the United States Sentencing Commission a written statement of reasons form to reflect why it imposed a sentence. See 18 U.S.C. § 3553(c) (in imposing non-guideline sentence, court shall state in open court reason for specific sentence and also state "with specificity in a statement of reasons form issued under section 994(w)(1)(B) of title 28"). The Statement of Reasons has a clerical, not substantive, origin. United States v. Denny, 653 F.3d 415, 422 (6th Cir. 2011) (while parties have access to written statement of reasons, certain written statements cannot obfuscate unambiguous reasoning given by district court at oral hearing). The statutory requirement was not intended as a procedural safeguard for any particular defendant; rather, "[t]he ostensible purpose of § 994(w) is to make the courts report information about sentences and departures to ensure a measure of consistency in sentencing throughout the country." Id. (citing United States v. Ray, 273 F. Supp.2d 1160, 1164 (D. Mont. 2003)); see also Mistretta v. United States, 488 U.S. 361, 369 (1989) (suggesting § 994(w) is designed to allow the Sentencing Commission to "submit to Congress at least annually an analysis of the operation of the guidelines").

Dated this 22nd day of June, 2015 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
