# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| ) | |
| v. ) | No. 06-20056-09-KHV |
| ) | |
| TRISTAN LUSTER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

On May 19, 2008, the Court sentenced defendant to 180 months in prison based on a binding plea agreement under Rule 11(c)(1)(C), Fed. R. Crim. P. Judgment In A Criminal Case (Doc. #494). On March 3, 2015, the Court overruled defendant's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). Order (Doc. #833). The Tenth Circuit Court of Appeals affirmed. See Order And Judgment (Doc. #857) filed January 19, 2016. The United States Supreme Court recently held that defendants who plead guilty under Rule 11(c)(1)(C) generally are eligible for relief under Section 3582(c)(2). Hughes v. United States, 138 S. Ct. 1765, 1778 (June 4, 2018) (in "usual case," court acceptance of 11(c)(1)(C) agreement and sentence imposed pursuant to agreement are "based on" defendant's Guidelines range).

On July 13, 2018, the Court *sua sponte* appointed counsel for defendant and directed the parties to brief whether defendant is eligible for relief under Amendment 782. Memorandum And Order (Doc. #868). Defendant has filed a memorandum, see Memorandum Explaining Sentence Reduction (Doc. #872) filed August 27, 2018, which the government has not opposed. Defendant asks for a reduced sentence of 143 months. For reasons stated below, the Court reduces

defendant's term of imprisonment from 180 months to 151 months.

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See 18 U.S.C. § 3582(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996). Section 3582(c)(2) permits the Court to reduce a sentence if defendant has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). To obtain relief under Section 3582(c)(2), defendant must overcome three distinct hurdles: (1) under the statute's "based on" clause, defendant must show that he was sentenced based on a Guidelines range the Sentencing Commission lowered after his sentencing; (2) under the statute's "consistent with" clause, defendant must show that his request for a sentence reduction is consistent with the Commission's policy statements and (3) defendant must convince the district court to grant relief in light of the sentencing factors found in Section 3553(a). United States v. C.D., 848 F.3d 1286, 1289-90 (10th Cir. 2017). Under Tenth Circuit precedent, the first hurdle is jurisdictional. Id. at 1289.

Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G.") lowered the base offense levels for certain quantities in the Drug Quantity Table at U.S.S.G. § 2D1.1. The Court previously found that defendant was not eligible for relief under 18 U.S.C. § 3582(c)(2) because his sentence was based on the binding plea agreement under Rule 11(c)(1)(C), not his Guidelines range. See Order (Doc. #833) at 1 (citing United States v. Graham, 704 F.3d 1275, 1278 (10th Cir. 2013)). In Hughes, the Supreme Court abrogated Graham and clarified that a sentence imposed pursuant to a Rule 11(c)(1)(C) agreement falls under the general rule that a defendant's Guidelines range is "both the starting point and a basis for his ultimate sentence." Hughes, 138

S. Ct. at 1776. Absent "clear demonstration, based on the record as a whole, that the court would have imposed the same sentence regardless of the Guidelines," a defendant who pleads guilty under Rule 11(c)(1)(C) is eligible for relief under Section 3582(c)(2). Id.

Here, the record reflects that defendant's ultimate sentence was based in part on the Guidelines range. Under Hughes and Amendment 782, defendant is eligible for relief under Section 3582(c)(2).

The Court may reduce defendant's term of imprisonment, after considering any applicable factors set forth in Section 3553(a), if such a reduction is warranted in whole or in part under the particular circumstances of the case and is consistent with applicable Sentencing Commission policy statements. 18 U.S.C. § 3582(c)(2); Dillon v. United States, 560 U.S. 817, 827 (2010); see U.S.S.G. § 1B1.10. Among other factors, the Court must consider the nature, seriousness and circumstances of the offense, defendant's history and characteristics, the need to protect the public from further crimes by defendant and any threat to public safety. United States v. Osborn, 679 F.3d 1193, 1195-96 (10th Cir. 2012); U.S.S.G. § 1B1.10 cmt. app. n.1(B)(ii). The Court may also consider post-sentencing conduct. See Osborn, 679 F.3d at 1195; U.S.S.G. § 1B1.10 cmt. app. n.1(B)(iii). Finally, in the context of Rule 11(c)(1)(C) agreements, the Court may consider the benefits which defendant gained under the agreement. Hughes, 138 S. Ct. at 1777.

Defendant originally had a total offense level of 34 with a criminal history category III for a Guidelines range of 188 to 235 months. See Transcript Of Sentencing (Doc. #837) at 3; Amended Statement Of Reasons (Doc. #842) at 1. Under Amendment 782, defendant's amended Guidelines range is 151 to 188 months (offense level 32, criminal history category III). Under Section 3582(c)(2) and the Commission's policy statements, the Court cannot reduce defendant's

term of imprisonment to a term that is less than the minimum of the amended Guidelines range. U.S.S.G. § 1B1.10(b)(2)(A). The Court has considered the nature, seriousness and circumstances of the offense, defendant's history and characteristics, the need to protect the public from further crimes by defendant, any threat to public safety and defendant's post-sentencing conduct. After balancing these factors and considering defendant's <u>Memorandum Explaining Sentence Reduction</u> (Doc. #872), the Court finds that a sentence of 151 months in prison is sufficient but not greater than necessary to meet all of the objectives of federal sentencing law.[1] The Court therefore reduces defendant's sentence to 151 months.

**IT IS THEREFORE ORDERED that pursuant to 18 U.S.C. § 3582(c)(2), defendant's sentence is reduced to 151 months in prison. If this sentence is less than the amount of time defendant has already served, the original sentence is hereby reduced to a TIME SERVED sentence as of October 27, 2018. <u>See</u> U.S.S.G. § 1B1.10(b)(2)(C) (courts cannot reduce the term of imprisonment below time served). The effective date of this order is stayed 10 days until October 27, 2018 so that the United States Probation Office can prepare a Release Plan. Except as provided above, all terms and conditions of the original <u>Judgment In A Criminal Case</u> (Doc. #494) filed May 21, 2008 shall remain in effect.**

Dated this 17th day of October, 2018 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge

EFFECTIVE DATE: October 27, 2018.

---

[1] The parties propose a sentence of 143 months but do not anchor that suggestion in any Guidelines analysis or cite any authority for the Court to reduce defendant's sentence below the minimum of the amended Guidelines range.